IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| STEPHANIE R. KANE, et al<br><br>    Plaintiffs<br>               v.<br><br>AUTOGERMANA, INC. D/B/A<br>AUTOGERMANA BMW<br><br>    Defendants | Civil No. 06-1991 (SEC) |

**OPINION and ORDER**

Pending before this Court is Defendant Autogermana, Inc. d/b/a Autogermana BMW's ("Defendant") Motion for Partial Summary Judgment (Dockets ## 36-37), and Plaintiffs' opposition thereto (Docket ## 34-40). After reviewing the filings, and the applicable law, Defendants' motion is **GRANTED.**

**Factual Background**

On October 3, 2006, Plaintiffs filed suit against Defendants under diversity jurisdiction, and Article 1802 of the Puerto Rico Civil Code. Docket # 1. On October 16, 2008, Defendants filed a motion for partial summary judgment. Docket # 36. Defendants request the dismissal of minors JMK ("JMK") and AJK's ("AJK") (collectively "minors") claims, arguing that pursuant to Puerto Rico case law, they are not entitled to damages for mental anguish and emotional distress. In opposition, Plaintiffs aver that the minors have suffered emotional distress and mental anguish due to lack of attention and physical contact from their mother. Docket # 39.

**Standard of Review**

*FED. R. CIV. P. 56*

The Court may grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

**Civil No. 06-1991 (SEC)**                                                                                                   2

is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ramírez Rodríguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005). In reaching such a determination, the Court may not weigh the evidence. Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994). At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at least one fact in issue that is both genuine and material. Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (citations omitted). "A factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" DePoutout v. Raffaelly, 424 F.3d 112, 116 (1st Cir. 2005)(quoting Garside, 895 F.2d at 48 (1st Cir. 1990)); see also SEC v. Ficken, 546 F.3d 45, 51 (1st Cir. 2008).

In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. See Hadfield v. McDonough, 407 F.3d 11, 15 (1st Cir. 2005) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgment has established an absence of material facts in dispute, and that he or she is entitled to judgment as a matter of law, the "party opposing summary judgment must present definite, competent evidence to rebut the motion." Méndez-Laboy v. Abbot Lab., 424 F.3d 35, 37 (1st Cir. 2005) (quoting from Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). "The non-movant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-

**Civil No. 06-1991 (SEC)**                                                              3

___

worthy issue. . . .Failure to do so allows the summary judgment engine to operate at full throttle." Id.; see also Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence"); Medina-Muñoz, 896 F.2d at 8 (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.").

**Applicable Law and Analysis**

Because the instant motion is for summary judgment, Defendants must comply with the requirements of Local Rule 56, and file a statement of facts, set forth in numbered paragraphs, and supported by record citations. See Local Rule 56(b). In turn, when confronted with a motion for summary judgment, the opposing party must:

> [s]ubmit with its opposition a separate, short, and concise statement of material facts. The opposition shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation...Local Rule 56(c)

Local Rule 56(e) further provides that "[a]n assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion." Moreover, a "court may disregard any statement of material fact not supported by a specific record citation to record material properly considered on summary judgment." Local Rule 56(e). These rules "are meant to ease the district court's operose task and to prevent parties from unfairly shifting the burdens of litigation to the court." Cabán-Hernández v. Phillip Morris USA, Inc., 486 F.3d 1, 8(1st Cir. 2007). The First Circuit has held that when the parties ignore the Local Rule, they do so at their own peril. See Ruiz-Rivera v. Riley, 209 F. 3d 24, 28 (1st Cir. 2000).

**Civil No. 06-1991 (SEC)** 4

---

Upon reviewing the parties' filings, this Court finds that although Plaintiff filed a memorandum in opposition to Defendants' motion, and an additional statement of uncontested material facts, they did not admit, deny, or qualify Defendants' uncontested facts pursuant to Rule 56. As such, all of Defendants' well pleaded facts are deemed uncontested. Moreover, Defendants failed to deny, admit, or qualify the additional facts set forth by Plaintiffs. Therefore, the facts that are properly supported by the record are also considered by this Court.[1]

Based on the foregoing, the uncontested facts are as follows:

Plaintiffs Stephanie R. Kane ("Stephanie") and John M. Kane ("John") are parents of JMK and AJK. Defendants' Statement of Uncontested Facts ("SUF"), Docket # 36, at 1. On or around January 25, 2006, Stephanie was involved in a car accident while driving a BMW on Manchester Road, in Fort Bragg, North Carolina. SUF at 2. On May 6, 2002, said vehicle was repaired by Defendants at their Puerto Rico branch. SUF at 3. At the time of the accident, Stephanie was 20 weeks pregnant with JMK, thus, JMK was an unborn or *nasciturus* at that time. SUF at 4; Plaintiffs' Additional Statement of Uncontested Material Facts ("ASUMF"), Docket # 40, at 6. AJK, two years old at the time of the accident, was not a passenger in the vehicle when the accident occurred. SUF at 5. While John was overseas, in service for the United States, Stephanie acted as the sole parent for both minors. ASUMF at 8. Since the date of the accident, Stephanie has been unable to provide adequate attention and physical contact to AJK. Id. Stephanie is unable to properly breast feed, hold, or care for JMK. ASUMF at 12.

Considering the above, this Court will address the applicable case law. When jurisdiction is based on diversity of citizenship, federal courts must apply state substantive

---

[1] Plaintiffs did not provide specific record citations in support of § 11. Moreover, the citation provided in § 7 does not support said averment of fact. Therefore, said proposed facts are not considered by this Court.

**Civil No. 06-1991 (SEC)**                                                                                                   5

law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 92 (1938); Morel v. Damler Chrysler AG, 557 F. Supp. 2d 240 (D.P.R. 2008). Since the present case arises under diversity jurisdiction, Puerto Rico substantive law, and applicable case law, applies. Article 1802 states that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." The Puerto Rico Supreme Court, and this district, have "allowed a newborn child to recover for the emotional damages suffered when their mother and father, respectively, died as a consequence of the negligent acts of the defendants..." Concepcion v. Pepsi Cola of P.R., 288 F. Supp. 2d 167, 171 (D.P.R. 2003). Specifically, in Rodriguez v. Autoridad de Acueductos, 98 P.R. Dec. 852 (1970), the court concluded that the unborn child of a woman who fell into an open aqueduct, and died as a result of her injuries, was entitled to damages for the loss of company, love, care and attention of her mother, whom she would never know. Moreover, in Marrero v. Autoridad de Energia Electrica, 924 F. Supp. 346 (D.P.R. 1996), this district recognized that the unborn daughter of a man who died due to an electric shock will suffer emotional damages because she would never know her father.

Notwithstanding, the P.R. Supreme Court has refused to award young children damages for emotional suffering and mental anguish, finding that a young child cannot understand these types of situations, therefore, damages for the same are not sustainable. Riley v. Rodriguez de Pachecho, 119 P.R. Dec. 762 (1987); Correa v. Autoridad de Fuentes Fluviales, 83 P.R. Dec. 144 (1961). In analyzing the P.R. Supreme Court's seemingly irreconcilable decisions in Rodriguez, and Correa, this district noted that despite Rodriguez's holding, "a minor's emotional distress is only compensable for the period after the child reaches an age at which cognizance of emotional distress is truly possible." Marrero, 924 F. Supp. at 350 (citing Correa, 83 P.R. Dec. 144). Moreover, the court noted that "any damage award [the minor] receives for emotional suffering may only compensate her for the period after which she becomes old enough to appreciate her loss." Marrero, 924 F. Supp. at 350.

**Civil No. 06-1991 (SEC)**                                                                                                           6

This Court notes that the aforementioned decisions arose in different factual contexts. In those cases where the court awarded damages for emotional distress and mental anguishes to unborn, or very young children, their father or mother died as a result of the defendants' negligence. As such, indemnization was proper insofar as the child would have grown up without the parents' company, love, care, and attention. However, in the present case, Stephanie's ability to provide the care she wishes to provide to her children may be limited, but it is not comparable to the life-long suffering of a child who loses one or both of his/her parents. Moreover, Plaintiffs have not alleged nor shown that Stephanie's injuries are permanent, or that they will impede her ability to provide adequate care to her children throughout their lives. As previously stated, the P.R. Supreme Court and this district noted that compensation for a minor's emotional distress is "only compensable for the period after the child reaches an age at which cognizance of emotional distress is truly possible." Marrero, 924 F. Supp. at 350 (citing Correa, 83 P.R. Dec. 144). Therefore, since the compensation awarded to the minor is for the emotional suffering experienced when the child grows older, and acquires the ability to understand the magnitude of her loss, Rodriguez and Marrero are inapplicable to the case at bar. As such, the case law is clear, and despite Stephanie and John's allegations regarding the minors' emotional sufferings, this Court must grant Defendants' request for summary judgment.

As previously stated, a party opposing summary judgment may not rest on conclusory allegations, improbable inferences, and unsupported speculation. Plaintiff posits that AJK and JMK have suffered significant emotional distress, physical discomfort, and mental anguish because of her inability to afford the care, affection, and physical contact they need. ASUMF at 9 & 10. However, this constitutes a conclusory allegation which this Court must disregard, absent specific evidence of the minor's alleged mental suffering, especially in light of the above cited case law. Despite the foregoing, this Court notes that JMK's claims for the alleged physical injuries sustained as a result of the accident are not dismissed. Furthermore,

this Court recognizes the pain and suffering experienced by a mother who cannot offer her children the care she wishes to provide. Notwithstanding, absent a showing that Stephanie has sustained permanent injuries which impede her ability to care for her children long term, this Court cannot grant indemnization to such young children for their own emotional suffering.

### Conclusion

Based on the foregoing, Defendants' motion for summary judgment is **GRANTED**. The minors' claims for emotional distress and mental anguish are **DISMISSED with prejudice**. Asa result, AJK's claims are **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of June, 2009.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge